751 So.2d 73 (1999)
Michael L. EMERINE, as Personal Representative of the Estate of Michael Lee Emerine, Jr., Appellant,
v.
J. John SCAGLIONE; Ross, Stevens & Johnson, Inc., a Florida corporation; and Joseph Angelo Terranova, Appellees.
No. 99-01503.
District Court of Appeal of Florida, Second District.
December 10, 1999.
Rehearing Denied January 20, 2000.
James W. Guarnieri of Guarnieri & Martinez, P.A., Brandon, and Michael Finch, St. Petersburg, for Appellant.
Elaine C. Seymour of Guemmer and Seymour, Tampa, for Appellee J. John Scaglione.
James S. Eggert and Donald W. Stanley, Jr., of Allen, Dell, Frank & Trinkle, P.A., Tampa, for Appellee Ross, Stevens & Johnson, Inc.
No appearance for Appellee Joseph Angelo Terranova.
PARKER, Acting Chief Judge.
Michael L. Emerine, as personal representative of the estate of Michael Lee Emerine, Jr. (Emerine), appeals the final summary judgment entered in favor of J. John Scaglione (Scaglione) in this wrongful death action. We conclude that the trial court erred in determining that Emerine was an uninvited licensee on Scaglione's property and reverse the final summary judgment.
In 1995, Emerine and Brenda Turner were murdered in their sleep in Turner's rented mobile home at the Four-J Village Mobile Home Park (Four-J Village).[1] Emerine's estate subsequently sued Scaglione, the owner of Four-J Village, for wrongful death premised on inadequate maintenance, inadequate security measures, *74 and failure to warn of the high crime area in and around Four-J Village. Scaglione moved for summary judgment, arguing that Emerine was an uninvited licensee at Four-J Village and that Scaglione therefore owed Emerine no duty other than to refrain from wanton negligence or willful misconduct. Scaglione argued that the undisputed evidence showed that he had fulfilled this duty. The trial court found that, as a matter of law, Emerine was an uninvited licensee as to Scaglione and entered summary judgment in Scaglione's favor.
We agree that a landowner's only duties to an uninvited licensee are to refrain from wanton negligence or willful misconduct that would injure the licensee, to avoid intentionally exposing the licensee to danger, and to warn the licensee of any known dangerous or defective conditions that are not open to ordinary observation. See Lanza v. Polanin, 581 So.2d 130, 131 (Fla.1991). However, we do not agree that Emerine was an uninvited licensee at Four-J Village. The record reflects, and the parties do not dispute, that Emerine was Turner's guest. The invited social guest of a tenant is generally classified as an invitee of the owner of the premises. See Wood v. Camp, 284 So.2d 691, 695 (Fla.1973); Lynch v. Brown, 489 So.2d 65, 66 (Fla. 1st DCA 1986). Landowners, such as Scaglione, owe invitees a duty of reasonable care. See Lynch, 489 So.2d at 66.
We conclude that, as a matter of law, Emerine should be classified as an invitee of Scaglione. Because Emerine should be classified as an invitee, a jury issue exists as to whether Scaglione acted with reasonable care in maintaining the mobile home, Four-J Village, and the surrounding area in a safe condition.
Reversed and remanded.
CASANUEVA and DAVIS, JJ., Concur.
NOTES
[1] Although Turner's ex-husband, Joseph Angelo Terranova, was convicted of the murders, this court recently overturned his convictions due to insufficient evidence and directed the trial court to discharge him. See Terranova v. State, No. 96-04983, ___ So.2d ___, 1999 WL 979593 (Fla. 2d DCA Oct.29, 1999).