777 So.2d 1016 (2000)
Maria NUNEZ, Appellant,
v.
LEE COUNTY, Florida, Appellee.
No. 2D99-4841.
District Court of Appeal of Florida, Second District.
December 22, 2000.
Robert S. Glazier and Sarah Helene Sharp of Law Office of Robert S. Glazier, Miami; and Hillencamp & Alvarez, P.A., Miami, for Appellant.
James G. Yaeger, County Attorney, and John J. Renner, Assistant County Attorney, Fort Myers, for Appellee.
BLUE, Acting Chief Judge.
Maria Nunez, plaintiff below, appeals a directed verdict granted to Lee County, defendant below, following a jury verdict in her favor. Mrs. Nunez sued Lee County for injuries she sustained at a Lee County park; she alleged, and the jury found, that Lee County breached its duty to maintain the premises in a safe condition. Because the trial court erred in directing a verdict, we reverse and remand for reinstatement of the jury verdict.
A trial court may direct a verdict only when the evidence and reasonable inferences therefrom fail to prove the plaintiff's case. See Hartnett v. Fowler, 94 So.2d 724 (Fla.1957). This standard is applied on appeal when reviewing a trial court's ruling on a motion for directed verdict. See Reams v. Vaughn, 435 So.2d 879 (Fla. 5th DCA 1983). "Florida law cautions against a motion for directed verdict in negligence cases since the evidence to support the elements of negligence are frequently subject to more than one interpretation." Regency Lake Apartments Assocs., Ltd. v. French, 590 So.2d 970, 972 (Fla. 1st DCA 1991).
Based on our review of the record, we conclude that the trial court erred in granting the motion for directed verdict because Mrs. Nunez presented sufficient evidence to prove her claim that Lee County breached its duty to use reasonable care in maintaining the premises in a reasonably safe condition. See Butler v. Sarasota County, 501 So.2d 579, 579 (Fla. 1986) (holding that a governmental body has the discretionary authority to decide whether to operate a facility, but once it decides to do so, "it assumes the common law duty to operate the facility safely, just *1017 as a private individual is obligated under like circumstances") (quoting Avallone v. Board of County Comm'rs, 493 So.2d 1002, 1005 (Fla.1986)). Accordingly, we reverse and remand for reinstatement of the jury verdict.
Reversed and remanded with directions.
WHATLEY and DAVIS, JJ., concur.