781 So.2d 1122 (2001)
C.L. "Pete" BLAKE, for the use and benefit of Merrimack Mutual Fire Insurance Company, a foreign corporation, Appellant,
v.
HI-LU CORP., a Florida corporation and Albio Castro, individually, Appellees.
Nos. 3D99-3103, 3D00-1913, 3D00-1521.
District Court of Appeal of Florida, Third District.
February 7, 2001.
Rehearing Denied April 25, 2001.
Deehl & Carlson, and David Deehl, Miami, and Michele K. Feinzzig, for appellant.
*1123 Adolfo del Castillo; Rasco, Reininger & Perez, and Steven Reininger, and Howard R. Behar, Miami, for appellees.
Before LEVY, FLETCHER, and RAMIREZ, JJ.
RAMIREZ, J.
After the jury awarded damages to appellant C.L. "Pete" Blake, plaintiff below, in this Hurricane Andrew case, the trial court granted appellees Hi-Lu Corporation's and Albio Castro's post-trial motion for a directed verdict. Because there is ample evidence in the record to support the jury's verdict, we reverse with directions to the trial court to reinstate the jury verdict.
In July, 1987, Blake purchased a new home in Homestead built by Hi-Lu. The home was to be built in conformance with the South Florida Building Code. Castro, Hi-Lu's building qualifier in charge of supervising construction, selected and installed the home's roof shingles. Subsequently, the home passed all final inspections and received a certificate of occupancy.
On August 24, 1992, Blake's home was struck by Hurricane Andrew, with the eye of the storm passing directly over Blake's home. Blake testified that after taking all the precautions he could to protect himself and his family, as well as their home, they huddled in the hallway surrounded by mattresses. Within the first thirty minutes of the hurricane, well before the strongest winds hit, the home began to waff and wobble, and rain started to come in through the ceilings. The ceilings then collapsed, covering the interior contents with soggy drywall and insulation. The roof lost all its shingles and tar paper covering. Most of the nails in the plywood sheathing were pulled up and one section of plywood sheathing was blown off. The insurance adjuster testified that the trusses were inadequately braced, which could have caused them to shift, loosening the plywood and causing a crack in the gable-end wall.
Merrimack Mutual Fire Insurance Co., Blake's insurer, settled the claim in full for $236,255 and brought this subrogation action charging Hi-Lu and Castro with violation of the building code and negligence in the construction of Blake's home. It relied on section 2306.1(a) of the South Florida Building Code, which states: "[b]uildings and structures and every portion thereof shall be designed and constructed to resist the forces due to wind pressure. The wind velocity shall be taken as not less than 120 MPH...."
The jury returned a verdict in Blake's favor for both the code violation claim and the negligence claim, and awarded $115,317 in damages for repairs, loss of personal property and loss of use. The trial court subsequently granted Hi-Lu's and Castro's motion for directed verdict, holding that: a) no code violation occurred because the code allowed the use of shingles, and b) Blake failed to prove causation because there was no evidence that the winds over Blake's home did not exceed 120 miles per hour.
When determining the propriety of granting a directed verdict, an appellate court must determine whether the facts, when viewed in the light most favorable to the non-moving party, provided a prima facie case in support of its cause(s) of action. See Lipsig v. Ramlawi, 760 So.2d 170, 175 (Fla. 3d DCA 2000), citing Houghton v. Bond, 680 So.2d 514, 522 (Fla. 1st DCA 1996) (holding that "[a] motion for directed verdict should not be granted unless the trial court, after viewing the evidence in the light most favorable to the non-moving party, determines that no reasonable jury could render a verdict for the non-moving party"), see also Woods v. *1124 Winn Dixie Stores, Inc., 621 So.2d 710, 711 (Fla. 3d DCA 1993). In negligence cases, motions for directed verdict should be treated with special caution because it is the function of the jury to weigh and evaluate the evidence. See Jacobs v. Westgate, 766 So.2d 1175, 1179 (Fla. 3d DCA 2000); Pascale v. Federal Express Corp., 656 So.2d 1351, 1353 (Fla. 4th DCA 1995). It is only where reasonable persons can come to but one possible conclusion that issues of negligence become questions of law and should not be submitted to the jury. Jacobs, 766 So.2d at 1179.
There was ample evidence in this case to support the jury's verdict. Blake presented evidence that no shingles then in use could withstand sustained winds of 120 miles per hour. The roofing materials failed very early into the storm, before the winds intensified to speeds approximating 120 miles per hour. There was testimony that the trusses were not adequately braced which caused them to shift thereby loosening the nails that held down the roofing materials. Furthermore, Blake testified that other shingle roofs in the area withstood the hurricane winds.
Therefore, the trial court's entry of judgment on a directed verdict is reversed with directions that the jury verdict in favor of Blake be re-instated and the order awarding attorney's fees to defendant Castro be rescinded. Hi-Lu's cross-appeal of its denial of attorney's fees becomes moot.
Reversed and remanded with directions.