798 So.2d 907 (2001)
Thelma SCOTT, Appellant,
v.
TPI RESTAURANTS, INC., etc., Appellee.
No. 5D00-3706.
District Court of Appeal of Florida, Fifth District.
November 9, 2001.
*908 Elizabeth Siano Harris of Stadler & Harris, P.A., Titusville, for Appellant.
Thomas W. Sculco of Law Office of Pine & Bergier, Maitland, for Appellee.
SAWAYA, J.
Thelma Scott [Thelma], the plaintiff below, appeals the order of the trial court granting TPI Restaurants, Inc. d/b/a Shoney's motion for directed verdict and entering final judgment in its favor. Thelma argues that the trial court erred in directing the verdict on her slip-and-fall claim against Shoney's because the trial court failed to view the evidence, as well as all the reasonable inferences, in a light most favorable to her. We agree and reverse.
Thelma filed a lawsuit against Shoney's after she slipped and fell while attempting to exit a Shoney's restaurant. In her complaint she essentially alleged that Shoney's breached the duty of care it owed her by negligently maintaining the floor in the area of the restaurant where the breakfast buffet was located. Specifically, Thelma alleged that she stepped in food that had been dropped on the floor by other patrons who visited the buffet and that this caused her to slip and fall as she attempted to exit the restaurant.
Shoney's moved for a directed verdict and, after hearing argument on the motion, the trial court took the issue under advisement. Thereafter, the jury returned its verdict finding Shoney's 60% negligent and Thelma 40% negligent. Because the trial court bifurcated the issues of liability and damages, the only testimony presented at trial was in regard to Shoney's liability. Despite the jury's verdict, the trial court subsequently granted Shoney's motion for directed verdict and entered final judgment in its favor finding that Thelma failed to present evidence that Shoney's was negligent and that the verdict was against the manifest weight of the evidence.
It is not unusual for trial judges to take a motion for directed verdict under advisement until after the jury returns with a verdict. See generally Conda v. Plain, 222 So.2d 417 (Fla.1969); Woods v. Winn Dixie Stores, Inc., 621 So.2d 710 (Fla. 3d DCA 1993); see also Fla. R. Civ. P. 1.480(b). If a trial judge should elect to do so, his or her decision is reviewed by appellate courts pursuant to the same standard of review generally applied to motions for directed verdict decided during trial. Woods; see also Thor Bear, Inc. v. Crocker Mizner Park, 648 So.2d 168 (Fla. 4th DCA 1994).
"A motion for directed verdict should be granted when there is no reasonable evidence upon which a jury could legally predicate a verdict in favor of the nonmoving party." St. Johns River Water Mgmt. Dist. v. Fernberg Geological Servs., 784 So.2d 500, 504 (Fla. 5th DCA 2001) (quoting Cecile Resort, Ltd. v. Hokanson, 729 So.2d 446, 447 (Fla. 5th DCA 1999)); Ameriseal of North East Fla., Inc. v. Leiffer, 738 So.2d 993 (Fla. 5th DCA 1999), rev. denied, 763 So.2d 1042 (Fla.2000). In other words, a motion for directed verdict should be granted only if no view of the evidence could support a verdict for the nonmoving party and the trial court therefore determines that no reasonable jury could render a verdict for that party. Blake v. Hi-Lu Corp., 781 So.2d 1122 (Fla. 3d DCA 2001); Edwards v. Orkin Exterminating Co., 718 So.2d 881, 883 (Fla. 3d DCA 1998) (citing Burch v. Strange, 126 So.2d 898 (Fla. 1st DCA 1961)); Houghton *909 v. Bond, 680 So.2d 514 (Fla. 1st DCA 1996); see also Scott v. Otis Elevator Co., 680 So.2d 462, 462 (Fla. 1st DCA 1996) ("A directed verdict in a negligence action should only be entered if the plaintiff could not recover under any reasonable view of the evidence.") (citing Pritchett v. Jacksonville Auction, Inc., 449 So.2d 364 (Fla. 1st DCA 1984)); Thor Bear.
When considering a motion for directed verdict, the trial court is required to evaluate the evidence in the light most favorable to the plaintiff and every reasonable inference therefrom must be indulged in the plaintiff's favor. St. Johns; Cecile, 729 So.2d at 447 (quoting American Motors Corp. v. Ellis, 403 So.2d 459, 467 (Fla. 5th DCA 1981), rev. denied, 415 So.2d 1359 (Fla.1982)). If there are conflicts in the evidence or different reasonable inferences may be drawn from it, then the issue is a factual one that should be submitted to the jury and not be decided by the trial court as a matter of law. See Martinolich v. Golden Leaf Mgmt., Inc., 786 So.2d 613 (Fla. 3d DCA 2001).
Application of this standard to negligence cases has lead the appellate courts to repeatedly admonish trial courts that
[i]n negligence cases, motions for directed verdict should be treated with special caution because it is the function of the jury to weigh and evaluate the evidence. See Jacobs v. Westgate, 766 So.2d 1175, 1179 (Fla. 3d DCA 2000); Pascale v. Federal Express Corp., 656 So.2d 1351, 1353 (Fla. 4th DCA 1995). It is only where reasonable persons can come to but one possible conclusion that issues of negligence become questions of law and should not be submitted to the jury. Jacobs, 766 So.2d at 1179.
Blake, 781 So.2d at 1124. See also Nunez v. Lee County, 777 So.2d 1016, 1016 (Fla. 2d DCA 2000) ("Florida law cautions against a motion for directed verdict in negligence cases since the evidence to support the elements of negligence are frequently subject to more than one interpretation.") (quoting Regency Lake Apartments Assocs., Ltd. v. French, 590 So.2d 970, 972 (Fla. 1st DCA 1991)).
Having undertaken our review of the evidence contained in the record in the instant case pursuant to this standard, we conclude that entry of a directed verdict for Shoney's was error. Evaluating the evidence in the light most favorable to Thelma and indulging all reasonable inferences therefrom in her favor, we are unable to say that no reasonable jury could render a verdict for Thelma.
Accordingly, we reverse the order granting the directed verdict and the judgment entered in favor of Shoney's. Because the proceedings in the trial court were bifurcated, we remand to the trial court for trial on the issue of damages.
REVERSED and REMANDED.
THOMPSON, C.J., and SHARP, W., J., concur.