855 So.2d 624 (2003)
MARRIOTT INTERNATIONAL, INC., Appellant/Cross-Appellee,
v.
Zaria PEREZ-MELENDEZ, Appellee/Cross-Appellant.
No. 5D02-1624.
District Court of Appeal of Florida, Fifth District.
July 25, 2003.
Opinion Denying Rehearing, Clarification and Certification September 26, 2003.
*625 Marie A. Borland of Hill, Ward & Henderson, P.A., Tampa and John H. Ward of Brown, Ward, Salzman & Weiss, Orlando, for Appellant/Cross-Appellee.
Elizabeth H. Faiella of Elizabeth H. Faiella, P.A., Winter Park and Marcia K. Lippincott of Marcia K. Lippincott, P.A., Lake Mary, for Appellee/Cross-Appellant.
SAWAYA, C.J.
Marriott International, Inc., (Marriott) appeals a final judgment entered in favor of Zaira Perez-Melendez (Perez-Melendez) based on a jury verdict awarding Perez-Melendez damages for the injuries she sustained when she fell into a drain inlet located on property owned by Marriott. The issue we will address is whether the trial court erred in failing to direct a verdict in favor of Marriott because Perez-Melendez failed to establish any negligence *626 on Marriott's part.[1] In order to resolve this issue, we will discuss in the following order the factual and procedural background of the instant case, the twoissue rule, the standard of review we must apply, and our legal analysis.

Factual And Procedural Background
Perez-Melendez, a Puerto Rico resident employed by the city of San Juan as the Director of Senior Citizens Volunteers, came to Orlando for a convention that was to be held at the Marriott World Center (hereinafter "World Center"). Perez-Melendez testified that she made reservations for a room at the World Center before leaving Puerto Rico. However, when she arrived to check in, she was advised that no more rooms were available. She was then provided accommodations at the Residence Inn, which is also owned by Marriott. The walking distance between the two hotels is approximately three-fourths of a mile.
On June 25, 2000, at approximately 10:30 p.m., Perez-Melendez, two other women, and their children decided to go from Perez-Melendez's room at the Residence Inn to the World Center. Unfortunately for Perez-Melendez, on her journey, she stepped into a drainage inlet and fractured her ankle. Perez-Melendez filed a personal injury suit against Marriott for damages. Encased within the same count of the complaint are four separate theories of liability. The first is based on the alleged active negligence of Marriott in failing to provide a reasonably safe transportation system for Perez-Melendez between the two hotels. The other three are premises liability theories based on allegations that Marriott failed to maintain its premises in a reasonably safe condition, failed to correct a dangerous condition that Marriott knew or should have known about, and failed to warn Perez-Melendez of an existing dangerous condition of which Marriott knew or should have known. We note, parenthetically, that whether it is appropriate to plead more than one theory of liability in a single count of a complaint is not an issue before us.
At the conclusion of Perez-Melendez's case-in-chief and again at the conclusion of the trial, Marriott moved for a directed verdict, alleging that Perez-Melendez had failed to establish a prima facie case of negligence. The trial court denied both motions. The jury instructions that were read to the jury instructed the jury on each theory of liability. The verdict form, submitted to the jury without objection, did not request findings as to each theory of liability; rather, it simply requested the jury to determine whether Marriott was negligent and, if so, the amount of the damages. The jury returned a verdict in favor of Perez-Melendez, finding Perez-Melendez thirty-percent comparatively negligent.
Marriott argues that as a matter of law it did not owe a duty to Perez-Melendez to provide her a reasonably safe transportation system because it was not reasonably foreseeable that she would fall into the drain inlet and injure her ankle. Marriott contends that the issue of foreseeability as it relates to establishing a duty of care is a legal issue to be decided by the court and, therefore, the trial court should have granted its motion for directed verdict. Perez-Melendez argues that the incident *627 she was involved in was foreseeable as a matter of law and Marriott did owe her a duty of care. Perez-Melendez also argues that she alleged three premises liability theories of recovery and that, pursuant to the two-issue rule, Marriott must establish that a directed verdict was appropriate for each theory alleged. Since Marriott cannot, asserts Perez-Melendez, the judgment should be affirmed.

The Two-Issue Rule
The two-issue rule provides that "where there is no proper objection to the use of a general verdict, reversal is improper where no error is found as to one of two issues submitted to the jury on the basis that the appellant is unable to establish that he has been prejudiced." Whitman v. Castlewood Int'l Corp., 383 So.2d 618, 619 (Fla.1980). The rule applies to separate theories of liability and defenses; it does not apply to the elements of a cause of action or defense. Grenitz v. Tomlian, 2003 WL 21290887 (Fla. June 5, 2003); Barth v. Khubani, 748 So.2d 260 (Fla. 1999). Hence, when a verdict is rendered in favor of the plaintiff, as in the instant case, the two-issue rule applies to actions brought on two or more theories of liability where the finding of liability as to one theory entitles the plaintiff to recover the same measure of damages recoverable under the other theories of liability. Grenitz; Barth; First Interstate Dev. Corp. v. Ablanedo, 511 So.2d 536 (Fla.1987); Johnson v. Thigpen, 788 So.2d 410 (Fla. 1st DCA 2001). In Barth, the court explained:
When a general verdict for the plaintiff is on review, the rule is applied by focusing on the causes of action, such that an appellate claim of error raised by the defendant as to one cause of action cannot be the basis for reversal where two or more theories of liability (or causes of action) were presented to the jury. 748 So.2d at 261. The burden of establishing error as to each theory of liability or defense is on the non-moving party. Barth.

For example, in Zimmer, Inc. v. Birnbaum, 758 So.2d 714 (Fla. 4th DCA), review denied, 786 So.2d 1193 (Fla.2000), the court applied the two-issue rule in a products liability case because the jury instructions included two standards for determining whether the product was unreasonably dangerousthe ordinary consumer test and the risk benefit testand the verdict form did not require the jury to identify its basis for deciding that the product was defective. In a wrongful death action, the court in Penske Truck Leasing Co., LP v. Moore, 702 So.2d 1295 (Fla. 4th DCA 1997), applied the two-issue rule by presuming that the jury found for the plaintiffs on both theories of negligence submitted to the jury. The court reasoned that the verdict form did not request a finding based on each theory and, therefore, the court could not determine on which theory of negligence the jury based its finding of liability.
Similarly, in the instant case, Perez-Melendez filed her action based on four theories of liability. The jury instructions submitted to the jury instructed the jury on each theory of liability. Our review of the transcripts of the closing arguments clearly shows that argument on each theory of liability was presented to the jury. Without objection from Marriott, a general verdict form was submitted to the jury that did not itemize each theory of liability and request a finding by the jury as to each. Under these facts, it is impossible to determine on which theory the jury predicated liability. Moreover, the same measure of damages is attributable to each theory of liability advanced by Perez-Melendez. Therefore, it is appropriate to apply the two-issue rule in this instance.
*628 Having concluded that the two-issue rule applies, we must next determine whether Marriott has met its burden of establishing error as to each legal theory of liability submitted to the jury. In order to make this determination, we must consider and apply the correct standard of review.

Standard of Review
It is appropriate to grant a motion for directed verdict when there is no reasonable evidence upon which a jury could legally render a verdict in favor of the nonmoving party. Owens v. Publix Supermarkets, Inc., 802 So.2d 315 (Fla.2001); Goss v. Permenter, 827 So.2d 285 (Fla. 5th DCA 2002), review denied, 845 So.2d 889 (Fla.2003); Scott v. TPI Restaurants, Inc., 798 So.2d 907 (Fla. 5th DCA 2001); St. Johns River Water Mgmt. Dist. v. Fernberg Geological Servs., 784 So.2d 500, 504 (Fla. 5th DCA), review denied, 805 So.2d 806 (Fla.2001). Stated differently, a motion for directed verdict should be granted only where no view of the evidence, or inferences made therefrom, could support a verdict for the nonmoving party and the trial court determines that no reasonable jury could render a verdict for that party. Goss; Scott; St. Johns. "When considering a motion for directed verdict, the trial court is required to evaluate the evidence in the light most favorable to the plaintiff and every reasonable inference therefrom must be indulged in the plaintiff's favor." Scott, 798 So.2d at 909 (citations omitted). "If there are conflicts in the evidence or different reasonable inferences may be drawn from it, then the issue is a factual one that should be submitted to the jury and not be decided by the trial court as a matter of law." Id. (citation omitted). This standard should be applied by both trial courts and appellate courts when considering the propriety of a motion for directed verdict. Cecile Resort, Ltd. v. Hokanson, 729 So.2d 446, 447 (Fla. 5th DCA 1999).
In negligence cases, whether a duty of care exists is generally an issue of law to be determined by the court and, therefore, may be resolved pursuant to a motion for directed verdict. Whether the duty, once established, has been breached by the defendant and whether that breach proximately caused the plaintiff's injuries are generally issues of fact to be resolved by the jury and, therefore, are usually inappropriate for resolution via a motion for directed verdict.[2] The courts have repeatedly *629 and consistently held that motions for directed verdict in negligence cases must be treated with extreme caution because of the applicable standard of review and because it is the province of the jury rather than the trial or appellate court to weigh and evaluate the evidence.[3] Guided by these principles, we proceed with our legal analysis.

Analysis
Marriott primarily argues that Perez-Melendez failed to establish that Marriott owed Perez-Melendez a duty to provide her with a reasonably safe transportation system. Specifically, Marriott contends that the type of injury Perez-Melendez suffered did not fall within the reasonably foreseeable zone of risk established by Marriott's conduct in operating its shuttle service and, therefore, this court may determine as a matter of law that Marriott did not owe her a duty of care. We agree that the issue of foreseeability as it relates to establishing a duty of care is an issue of law for the court to determine. McCain v. Florida Power Corp., 593 So.2d 500 (Fla.1992). But, under the two-issue rule, even if we were to agree with Marriott that as a matter of law, Marriott did not owe Perez-Melendez a duty to provide her with a reasonably safe transportation system, our inquiry would not end because we must also consider the premises liability theories advanced by Perez-Melendez.
Perez-Melendez was an invitee on Marriott's premises and Marriott does not contend otherwise. Moreover, Marriott concedes in its brief that as an invitee, it owed Perez-Melendez two duties: 1) to use ordinary care in maintaining its premises in a reasonably safe condition, and 2) to give timely warning of latent or concealed perils which were known, or by the exercise of due care should have been known, by Marriott and which were not known and would not have been discovered by Perez-Melendez by the exercise of due care. Krol v. City of Orlando, 778 So.2d 490 (Fla. 5th DCA 2001); Green v. School Bd. of Pasco County, 752 So.2d 700 (Fla. 2d DCA 2000). Hence we are not presented with the legal issue whether Perez-Melendez was owed a duty of care by Marriot.[4]
Rather than argue that it did not owe Perez-Melendez a duty of care as an invitee, *630 Marriot instead argues that Perez-Melendez failed to prove that it breached those duties because Perez-Melendez failed to present evidence to establish that the inlet was dangerous or that Marriott knew or should have known that it was dangerous. But these issues are factual issues that should be resolved by the jury.[5] For us to hold that the trial court erred in failing to grant a directed verdict in favor of Marriott would require us to ignore the evidence in the record that we have thoroughly reviewed, including the photographs, the videotape of the scene where Perez-Melendez fell, and the testimony of the expert witnesses called by Perez-Melendez to testify regarding the dangerous condition of the drain inlet. After evaluating the evidence in the light most favorable to Perez-Melendez and indulging all reasonable inferences therefrom in her favor, we are unable to conclude that no reasonable jury could have found Marriott liable on one or more of the premises liability theories advanced by Perez-Melendez. To do so in the instant case would require us to ignore the admonition that directed verdicts in negligence cases involving factual issues should not be granted unless there is no reasonable evidence upon which the jury could have legally predicated the verdict in favor of Perez-Melendez. We therefore conclude that Marriott did not meet its burden of demonstrating error for each theory of liability advanced by Perez-Melendez, and thus the trial court did not err in failing to direct a verdict for Marriott.

Conclusion
The claims of error raised by Marriott as to the theory of failure to provide Perez-Melendez with a reasonably safe transportation system cannot be the basis for reversal where other legal theories of liability were presented to the jury that may have been the basis for its verdict. Because Marriott failed to establish error as to each of the theories submitted to the jury via an unobjected-to general verdict form, we affirm.
AFFIRMED.
PLEUS and MONACO, JJ., concur.

ON MOTION FOR REHEARING, CLARIFICATION AND CERTIFICATION
SAWAYA, C.J.
Marriott International, Inc. (Marriott) has filed a motion for rehearing, clarification and certification with respect to our opinion entered in this appeal on July 25, 2003. Although we deny Marriott's motion, we will address certain of the issues raised therein.
Marriott contends in its motion for rehearing, clarification and certification that this court has misapprehended the proper standard of review because the issue of whether the condition on the premises is dangerous is a question of law rather than an issue of fact for the jury to resolve. In support of that contention, Marriott cites several cases from this court: City of Melbourne v. Dunn, 841 So.2d 504 (Fla. 5th DCA 2003); Taylor v. Universal City *631 Property Management, 779 So.2d 621 (Fla. 5th DCA), review denied, 799 So.2d 219 (Fla.2001); Krol v. City of Orlando, 778 So.2d 490 (Fla. 5th DCA 2001); Rosenfeld v. Walt Disney World Co., 651 So.2d 811 (Fla. 5th DCA 1995); Gorin v. City of St. Augustine, 595 So.2d 1062 (Fla. 5th DCA), review denied, 604 So.2d 486 (Fla.1992); and Circle K Convenience Stores, Inc. v. Ferguson, 556 So.2d 1207 (Fla. 5th DCA 1990). Marriott also cites several cases from other courts: Casby v. Flint, 520 So.2d 281 (Fla.1988); Schoen v. Gilbert, 436 So.2d 75 (Fla.1983); Hoag v. Moeller, 82 So.2d 138 (Fla.1955); Aventura Mall Venture v. Olson, 561 So.2d 319 (Fla. 3d DCA), review denied, 574 So.2d 142 (Fla. 1990); McAllister v. Robbins, 542 So.2d 470 (Fla. 1st DCA 1989). Marriott contends that the decision in the instant case directly conflicts with these decisions and that certification of conflict is appropriate. We disagree.
All of the cases cited by Marriott are inapplicable to the instant case because the basis for the ruling in each was the open and obvious danger doctrine, a doctrine not raised in the proceedings before the trial court in the instant case. We have thoroughly reviewed each citation to the record in Marriott's motion where it claims to have raised the open and obvious danger doctrine in the trial proceedings, and it is not there. This court and others have consistently held that an issue that is not raised in the trial court may not be raised for the first time on appeal. Cowart v. West Palm Beach, 255 So.2d 673 (Fla.1971) (holding that an appellate court may not consider an issue not presented to the trial judge on appeal from final judgment on the merits); J.T.A. Factors, Inc. v. Philcon Servs., Inc., 820 So.2d 367 (Fla. 3d DCA 2002); Keech v. Yousef, 815 So.2d 718, 719 (Fla. 5th DCA 2002) ("A legal argument must be raised initially in the trial court by the presentation of a specific motion or objection at an appropriate stage of the proceedings.") (citation omitted); Lee v. City of Jacksonville, 793 So.2d 62 (Fla. 1st DCA 2001); U.S. Sugar Corp. v. Henson, 787 So.2d 3 (Fla. 1st DCA 2000), approved, 823 So.2d 104 (Fla.2002).[1]
Moreover, as we have indicated and as Marriott concedes in these proceedings, Perez presented four theories of liability that included the premises liability theories of failure to warn of a dangerous condition and failure to maintain the premises in a reasonably safe condition. The courts have consistently held that while the open and obvious danger doctrine may in certain circumstances discharge the duty to warn, it does not discharge the landowner's duty to maintain the property in a reasonably safe condition. Knight v. Waltman, 774 So.2d 731 (Fla. 2d DCA 2000); Kersul v. Boca Raton Cmty. Hosp., Inc., 711 So.2d 234 (Fla. 4th DCA 1998); Regency Lake Apartments Assocs., Ltd. v. French, 590 So.2d 970 (Fla. 1st DCA 1991); Hogan v. Chupka, 579 So.2d 395, 396 (Fla. 3d DCA 1991); Pittman v. Volusia County, 380 So.2d 1192 (Fla. 5th DCA 1980). In Pittman, this court explained why the doctrine does not extend to the duty to maintain the premises in a reasonably safe condition:

*632 The fallacy is in the premise that the discharge of the occupier's duty to warn by the plaintiff's actual knowledge necessarily discharges the duty to maintain the premises in a reasonably safe condition by correcting dangers of which the occupier has actual or constructive knowledge. To extend the obvious danger doctrine to bar a plaintiff from recovery by negating a landowner's or occupier's duty to invitees to maintain his premises in a reasonably safe condition would be inconsistent with the philosophy of Hoffman v. Jones, 280 So.2d 431 (Fla.1973), that liability should be apportioned according to fault.
Pittman, 380 So.2d at 1193-94 (footnotes omitted); see also Hogan, 579 So.2d at 396 (citing Pittman). Hence, even if the open and obvious danger doctrine had been raised in the trial proceedings and we could properly consider it here, it would not relieve Marriott of its duty to keep the premises in a reasonably safe condition.
We do not feel it is necessary to burden this opinion with the detailed testimony of Perez's witnesses, including the testimony of her two expert witnesses, who offered testimony regarding the dangerous condition of the drain inlet. Apparently the jury did not accept the testimony of Marriott's expert or at least gave it less weight than the testimony of the witnesses presented by Perez, but that is the prerogative of the jury. It is not for us to weigh the testimony and judge the credibility of the witnesses. Based on our review of the record in light of the appropriate standard of review, we conclude that the trial court did not err in denying Marriott's motion for directed verdict.
We take this opportunity to note that rule 9.330(a), Florida Rules of Appellate Procedure, allows a party to file a motion for rehearing to bring to the court's attention a point of law or fact that the court has overlooked or misapprehended. The purpose of the rule, however, is not to bring to the court's attention an issue that was not properly raised in the trial court. We have now expended valuable time and effort to review this record a second time in search of the obvious danger doctrine, and what has become quite obvious to us is that it is nowhere to be found. The trial court never considered the doctrine because Marriott never asked it to. If we will not consider the issue during our consideration of this case after submission of the briefs and oral argument, we certainly will not consider the issue in a motion for rehearing.
MOTION FOR REHEARING, CLARIFICATION AND CERTIFICATION DENIED.
PLEUS and MONACO, JJ., concur.
NOTES
[1] As to the issue raised by Perez-Melendez in her cross-appeal regarding the trial court's refusal to apply a contingency risk multiplier to the fee awarded her pursuant to section 768.79, Florida Statutes, we affirm based on our decision in Allstate Ins. Co. v. Sarkis, 809 So.2d 6 (Fla. 5th DCA 2001), review granted, 826 So.2d 992 (Fla.2002). We certify conflict with Island Hoppers, Ltd. v. Keith, 820 So.2d 967 (Fla. 4th DCA 2002). We affirm, without discussion, all other issues raised by the parties.
[2] See Orlando Executive Park, Inc. v. Robbins, 433 So.2d 491 (Fla.1983), receded from on other grounds, Mobil Oil Corp. v. Bransford, 648 So.2d 119 (Fla.1995); Association for Retarded Citizens-Volusia, Inc. v. Fletcher, 741 So.2d 520 (Fla. 5th DCA 1999) (citing Department of Health & Rehabilitative Servs. v. Yamuni, 529 So.2d 258, 262 (Fla.1988)); Keene v. Chicago Bridge & Iron Co., 596 So.2d 700 (Fla. 1st DCA 1992); Walt Disney World Co. v. Goode, 501 So.2d 622 (Fla. 5th DCA 1986); Jackson v. Williams, 385 So.2d 190 (Fla. 5th DCA 1980); Russell v. Jacksonville Gas Corp., 117 So.2d 29 (Fla. 1st DCA 1960); see also Lubell v. Roman Spa, Inc., 362 So.2d 922 (Fla.1978); Selvin v. DMC Regency Residence, Ltd., 807 So.2d 676, 682 (Fla. 4th DCA 2001); Sanderson v. Eckerd Corp., 780 So.2d 930, 933 (Fla. 5th DCA 2001) ("While the question of whether a duty exists is a question of law for the court to decide, the questions of whether an existing duty has been breached and if so, whether such breach was the legal cause of a claimant's injury or damage are questions of fact which have generally been left to the trier of fact in negligence cases."); Maher v. Best Western Inn, 717 So.2d 97, 99 (Fla. 5th DCA 1998) ("It is peculiarly a jury function to determine what precautions are reasonably required in the exercise of a particular duty of due care.") (citation omitted); Hancock v. Department of Corr., 585 So.2d 1068 (Fla. 1st DCA 1991), review denied, 598 So.2d 75 (Fla. 1992). In Selvin, 807 So.2d at 682, the court explained:

How the duty of due care should be met in a given case is for the jury. As the court held in Orlando Executive Park v. Robbins, 433 So.2d 491 (Fla.1983), receded from on other grounds, Mobil Oil Corp. v. Bransford, 648 So.2d 119 (Fla.1995), "it is peculiarly a jury function to determine what precautions are reasonably required in the exercise of a particular duty of due care." 433 So.2d at 493. Thus, in Nichols v. Home Depot Inc., 541 So.2d 639, 641 (Fla. 3d DCA 1989), the court pointed out that "[w]hat is and what is not reasonable care under the circumstances is, as a general rule, simply undeterminable as a matter of law."
[3] Scott; Blake v. Hi Lu Corp., 781 So.2d 1122 (Fla. 3d DCA 2001); Nunez v. Lee County, 777 So.2d 1016, 1016 (Fla. 2d DCA 2000) ("Florida law cautions against a motion for directed verdict in negligence cases, since the evidence to support the elements of negligence are frequently subject to more than one interpretation.") (quoting Regency Lake Apartments Assocs., Ltd. v. French, 590 So.2d 970, 972 (Fla. 1st DCA 1991)); Jacobs v. Westgate, 766 So.2d 1175 (Fla. 3d DCA 2000); Pascale v. Federal Express Corp., 656 So.2d 1351 (Fla. 4th DCA), review denied, 666 So.2d 143 (Fla.1995).
[4] See Post v. Lunney, 261 So.2d 146, 148 (Fla.1972); Emerine v. Scaglione, 751 So.2d 73, 74 (Fla. 2d DCA 1999), review denied, 767 So.2d 460 (Fla.2000) ("Because Emerine should be classified as an invitee, a jury issue exists as to whether Scaglione acted with reasonable care in maintaining the mobile home ... and the surrounding area in a safe condition."); see also Owens v. Publix Supermarkets, Inc., 802 So.2d 315, 330 (Fla.2001) ("It is undisputed that under Florida law, all premises owners owe a duty to their invitees to exercise reasonable care to maintain their premises in a safe condition.").
[5] Cold Storage Cafe, Inc. v. Barone, 779 So.2d 371, 373 (Fla. 2d DCA 2000) ("The issue of whether a negligent condition exists on premises generally involves, as here, a disputed material fact which precludes summary judgment."); Emerine; Everett v. Restaurant & Catering Corp., 738 So.2d 1015, 1016 (Fla. 2d DCA 1999) (holding that a directed verdict for the defendant was error because "[w]hether the restaurant had actual or constructive knowledge of these conditions, and whether one or more of these conditions created a dangerous condition, thus violating the restaurant's duty of reasonable care, were questions for a jury to decide.").
[1] In most of the cases cited by Marriott and in the vast majority of the other cases we have reviewed that apply the obvious danger doctrine, the issue is raised in the trial court via a motion for summary judgment. In the others cases, the issue is raised in a motion to dismiss, a motion for directed verdict or as an affirmative defense. We have again reviewed the record in the instant case and the doctrine was never raised in the trial proceedings. The trial court, therefore, never had an opportunity to consider whether the doctrine applied to the instant case. Since the doctrine was not raised in the trial court, we will not consider it in this appeal.