# Third District Court of Appeal

## State of Florida

Opinion filed October 13, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-0861
Lower Tribunal No. 18-13104
_____

**Baptist Health Medical Group Orthopedics, LLC, etc., et al.,**
Appellants,

vs.

**Alfredo Victor Fernandez, etc.,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Foley & Mansfield PLLP, and Kevin O'Connor, Viviana Varela, and Mary Street, for appellants.

Ross & Girten, and Lauri Waldman Ross and Theresa L. Girten; Friedman & Friedman, P.A., and Gary Alan Friedman, for appellee.

Before HENDON, MILLER, and BOKOR, JJ.

MILLER, J.

Appellants, Charles Jordan, M.D. and his employer, Baptist Health Medical Group Orthopedics, LLC, challenge a final judgment rendered in favor of appellee, Alfredo Victor Fernandez. Affirming as to liability, we write only to address the contention the lower tribunal erroneously denied appellants' motion for remittitur. See Royal Caribbean Cruises, Ltd. v. Spearman, 320 So. 3d 276, 288 (Fla. 3d DCA 2021); Woodson v. Go, 166 So. 3d 231, 233–34 (Fla. 5th DCA 2015); Blake v. Hi-Lu Corp., 781 So. 2d 1122, 1124 (Fla. 3d DCA 2001).

Under Florida law, the amount awarded a plaintiff in non-economic damages rests largely in the discretion of the jury. Sproule v. Nelson, 81 So. 2d 478, 481 (Fla. 1955). This discretion is not, however, unbridled. While "[i]t is for the jury to fix the amount . . . they must do this within the bounds of reason." Bartholf v. Baker, 71 So. 2d 480, 484 (Fla. 1954) (quoting Virginian Ry. Co. v. Armentrout, 166 F.2d 400, 408 (4th Cir. 1948)). Thus, awards of damages are "subject to close scrutiny by the courts." § 768.74(3), Fla. Stat (2021).

To this end, section 768.74, Florida Statutes, authorizes remittitur in cases where the trial court determines an award of damages is "excessive . . . in light of the facts and circumstances which were presented to the trier

2

of fact." In determining whether such an award is inordinate, the trial court is required to consider the following factors:

> (a)   Whether the amount awarded is indicative of prejudice, passion, or corruption on the part of the trier of fact;
> (b)   Whether it appears that the trier of fact ignored the evidence in reaching a verdict or misconceived the merits of the case relating to the amounts of damages recoverable;
> (c)   Whether the trier of fact took improper elements of damages into account or arrived at the amount of damages by speculation and conjecture;
> (d)   Whether the amount awarded bears a reasonable relation to the amount of damages proved and the injury suffered; and
> (e)   Whether the amount awarded is supported by the evidence and is such that it could be adduced in a logical manner by reasonable persons.

§ 768.74(5), Fla. Stat.

Here, in denying the motion for remittitur, the trial court only considered the quality of the marriage between the decedent and her surviving spouse, Fernandez. While this factor certainly has some relevance to the injury suffered, no consideration was made as to the remaining statutory criteria. Under our precedent, this procedural oversight constitutes reversible error. See Spearman, 320 So. 3d at 288. Thus, we reverse the judgment and remand for reconsideration of the motion for remittitur in accordance with section 768.74(5), Florida Statutes.

Affirmed in part; reversed in part; remanded.

3