SEBRÍNG, -Justice.
Rodger Bottom, the plaintiff below, has appealed from a summary-judgment entered in favor of the defendants.
The undisputed facts are that the plaintiff, a roofing and sheet metal contractor, was engaged by the defendant, Frederick T. Rank, to “suggest Something” to remove excessive exhaust heat from the defendant’s home air conditioning units. The plaintiff went to the defendant’s home to make an inspection and Mrs. Rank indicated to him the room that housed the equipment. The plaintiff entered the room unaccompanied “to go ahead and do whatever [he] wanted.”
The air conditioning units were located approximately 7 feet above the floor. Under the units was a board extending from a niche on one side of the room to a small wooden strip nailed to a two by four stud on the other side.' The board was loose at both ends and merely rested in the niche, on one side, and on the wooden strip, on the other.
Bottom, who was thoroughly familiar with scaffolding, inspected and tested the board and satisfied himself that it was strong and secure enough to carry his weight. He then stepped up- on the board and stood there taking measurements. While he was standing there, the wooden strip gave way and plaintiff fell to the floor and was injured.
The question is whether upon these undisputed facts, there existed any genuine material issue as to the negligence of the defendants to be submitted to a jury.
It is plain from the record that the injuries to the plaintiff did not stem from the violation of any legal duty owed iby the defendants to the plaintiff. The plaintiff entered the room by himself and selected and pursued his own methods for accomplishing the task of planning and measuring for the installation of equipment. After inspecting and" testing the board the plaintiff on his own volition and without suggestion from anyone decided to make use of the board to. reach the air conditioning units, instead of using some safer method. Merely because the plaintiff elected to use the facilities of the defendants instead of his own, the pláintiff cannot in the absence of an agreement cast the burden of the consequences of his' acts upon the defendants. “One having a choice between methods of doing an act which are equally aváilable/who chooses the more dangerous of the methods, is ordinarily deemed negligent, in the absence of a showing of the existence of' kn emergency, sudden peril, or other cifc'unistatice justifying such choice.” 38 Am.Jur., Negligence, section 192.
This, cas.e is clearly distinguishable on the, facts from Hall v. Holland, Fla., 47 So.2d 889. ‘ ■ .
Under the facts revealed by the record there existed no genuine issue, of any material fact to' be determined by a jury. Consequently the judgment appealed from should" be affirmed. Williams v. City of Lake City, Fla., 62 So.2d 732.'
It is so ordered.,
ROBERTS, C. J., and TERRELL and MATHEWS, JJ., concur.