535 So.2d 288 (1988)
Mark CLERKIN, Appellant,
v.
KENDALL TOWN & COUNTRY ASSOCIATES, LTD., a Limited Partnership, Appellee.
No. 87-1731.
District Court of Appeal of Florida, Third District.
August 2, 1988.
On Rehearing January 3, 1989.
Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin and Joel D. Eaton, Rossman, Baumberger & Peltz, for appellant.
Richard A. Sherman and Rosemary Wilder, Ft. Lauderdale, for appellee.
Before BARKDULL, HUBBART and FERGUSON, JJ.
PER CURIAM.
The final summary judgment under review is reversed and the cause is remanded *289 for further proceedings upon a holding that genuine issues of material fact are presented on this record as to: (1) whether the defendant/owner Kendall Town & Country Associates, Ltd. was acting as its own general contractor on the construction project wherein the plaintiff Mark Clerkin was injured as an employee of an independent contractor, see, e.g., Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla. 1977); Smith v. Ussery, 261 So.2d 164 (Fla. 1972); Visingardi v. Tirone, 193 So.2d 601 (Fla. 1966); Holl v. Talcott, 191 So.2d 40 (Fla. 1966); Lewis v. Sims Crane Serv., Inc., 498 So.2d 573, 574 (Fla. 3d DCA 1986), rev. dismissed, 503 So.2d 327 (Fla. 1987); Cadillac Fairview of Fla., Inc. v. Cespedes, 468 So.2d 417, 421 (Fla. 3d DCA), rev. denied, 479 So.2d 117 (Fla. 1985); and (2) whether  even if the above-stated defendant/owner had hired a true general contractor for the subject construction project  the said defendant/owner actively supervised and directed the construction work on the said project, notwithstanding the existence of the said general contractor, see, e.g., Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla. 1977); Conklin v. Cohen, 287 So.2d 56, 60 (Fla. 1973); Visingardi v. Tirone, 193 So.2d 601 (Fla. 1966); Holl v. Talcott, 191 So.2d 40 (Fla. 1966); E.J. Strickland Constr., Inc. v. Department of Agric. & Consumer Serv. of Fla., 515 So.2d 1331 (Fla. 5th DCA 1987); Life From The Sea, Inc. v. Levy, 502 So.2d 473, 474 (Fla. 3d DCA), rev. denied, 509 So.2d 1118 (Fla. 1987).
If the plaintiff prevails at trial on either of the above issues, he will have shown that the above-stated defendant/owner owed a duty to exercise reasonable care for the safety of the plaintiff who, without dispute, was invited onto the defendant/owner's property. Given the presence of genuine issues of material fact on these two issues, a summary judgment in favor of the defendant/owner was inappropriate. Moreover, the undisputed fact that the said defendant/owner did not personally direct the creation of and had no personal knowledge of the hole in the roof decking through which the plaintiff fell and was injured does not  contrary to the defendant/owner's contention  change this result. See generally Conklin v. Cohen, 287 So.2d 56 (Fla. 1973); City of Miami v. Perez, 509 So.2d 343 (Fla. 3d DCA), rev. denied, 519 So.2d 987 (Fla. 1987).
REVERSED AND REMANDED.
HUBBART and FERGUSON, JJ., concur.
BARKDULL, Judge, dissenting.
I respectfully dissent. The record establishes without material dispute that (1) the defendant/landowner Kendall Town & Country Associates, Ltd. hired a general contractor to build the subject shopping mall, and did not, itself, serve as its own general contractor on the project; (2) the defendant/landowner Kendall Town & Country Associates, Ltd.'s participation in the said project was merely in the nature of insisting that established time schedules be honored and was not in the nature of influencing the manner in which the work was performed on the project, and (3) the defendant/landowner Kendall Town & Country Associates, Ltd. owed no duty to exercise reasonable care for the safety of plaintiff Mark Clerkin who was invited on the subject property as the employee of a subcontractor on the subject construction project. City of Miami Beach v. Perez, 509 So.2d 343 (Fla. 3d DCA 1987), rev. denied, 519 So.2d 987 (Fla. 1987). Therefore I would affirm the summary judgment under review.

ON REHEARING
PER CURIAM.
The defendant/landowner Kendall Town and Country Associates Ltd. has filed a motion for rehearing, a motion for rehearing en banc and a motion to certify. We grant the motion for rehearing, vacate our opinion filed August 2, 1988, and affirm the final summary judgment under review. We reach this result based on the legal analysis stated by Judge Barkdull in his dissenting opinion to our August 2, 1988 opinion  which dissenting opinion is hereby adopted as our opinion in this cause. In *290 view of this decision, the remaining motions filed herein become moot.
REHEARING GRANTED; JUDGMENT AFFIRMED.
HUBBART, Judge (dissenting).
I must respectfully dissent. I would deny the appellee's motion for rehearing as well as the other motions filed herein, and adhere to our original decision reversing the final summary judgment under review.