PER CURIAM.
This is an appeal by the plaintiff Seymour Grant, as personal representative of the estate of Glenn Grant, from an adverse final summary judgment in a wrongful death action arising from a construction site accident. We affirm the final summary judgment under review upon a holding that the defendant Eastern Airlines, Inc. was not liable as a matter of law for the death of the plaintiff’s decedent.
The record demonstrates without material dispute that (1) the plaintiff’s decedent was involved in a construction site accident while employed by a roofing company which had been hired by the defendant Eastern Airlines, Inc. to re-roof an Eastern Airlines building; (2) the defendant Eastern Airlines’ contract with the roofing company imposed upon the roofing company the responsibility of performing, directing, and supervising the re-roofing work, including initiating, maintaining, and supervising all safety precautions and programs in connection with the work; and (3) the defendant Eastern Airlines, Inc. did not actively participate in the construction project and assume detailed control over it, but only insisted, through biweekly inspections at the construction site, that the work conformed to the contract and was progressing according to schedule. This being so, the defendant Eastern Airlines committed no act of negligence, as a matter of law, either in failing to correct the hazardous condition which the roofing company was hired to correct and which led to the subject fatal accident or in failing to warn the plaintiff of such danger; stated differently, there is no legal theory upon which the defendant Eastern Airlines, Inc. could be held liable for the death of its independent contractor’s employee. See Clerkin v. Kendall Town & Country Assocs., 535 So.2d 288 (Fla. 3d DCA 1989); City of Miami v. Perez, 509 So.2d 343 (Fla. 3d DCA), rev. denied, 519 So.2d 987 (Fla. 1981); Van Ness v. Independent Constr. Co., 392 So.2d 1017 (Fla. 5th DCA), rev. denied, 402 So.2d 614 (Fla.1981).
Affirmed.