729 So.2d 446 (1999)
CECILE RESORT, LTD., etc., Appellant,
v.
David P. HOKANSON, Appellee.
No. 98-2213.
District Court of Appeal of Florida, Fifth District.
March 5, 1999.
Rehearing Denied April 5, 1999.
*447 Warren Kwavnick and Dennis R. O'Connor of Cooney, Mattson, Lance, Blackburn, Richards & O'Connor, P.A., Fort Lauderdale, for Appellant.
Ava F. Tunstall of McIntyre & Tunstall, P.A., Maitland, and Samuel P. King of Martinez, Dalton, Dellecker, Wilson & King, Orlando, for Appellee.
COBB, J.
Cecile Resort, Ltd., d/b/a The Residence Inn (Cecile Resort), appeals the final judgment entered by the trial court in favor of David Hokanson for damages sustained when Mr. Hokanson fell from a flag pole owned by Cecile Resort. We reverse because Cecile Resort is not liable for Mr. Hokanson's injuries as a matter of law.
Cecile Resort hired Mr. Hokanson, who owned and operated DJ's Home Improvements, to paint their flag pole. Mr. Hokanson climbed up the pole using a steel cable attached to the pole. The cable broke, and Mr. Hokanson fell to the ground sustaining serious injuries. Mr. Hokanson sued Cecile Resort alleging they were liable for his damages on the basis of premises liability and negligence, and a jury trial was held.
After Mr. Hokanson presented his case, Cecile Resort moved for a directed verdict arguing that it could not be held liable for Mr. Hokanson's injuries because he was an independent contractor and it did not participate in the work, or negligently approve or create a dangerous condition. The trial court summarily denied the motion for directed verdict without comment. Cecile Resort did not present any evidence, and the jury returned a verdict finding Cecile Resort 60% negligent and Mr. Hokanson 40% negligent.
A motion for directed verdict should be granted when there is no reasonable evidence upon which a jury could legally predicate a verdict in favor of the nonmoving party. See American Motors Corp. v. Ellis, 403 So.2d 459, 467 (Fla. 5th DCA 1981), rev. denied, 415 So.2d 1359 (Fla.1982). "In considering a motion for directed verdict for the defendant, the court is required to evaluate the testimony in the light most favorable to the plaintiff and every reasonable inference deduced from the evidence must be indulged in plaintiffs favor." Id. This is the test used by the trial court as well as the standard of review on appeal. See Ritz v. Florida Patient's Compensation Fund, 436 So.2d 987, 989 (Fla. 5th DCA 1983), rev. denied, 450 So.2d 488 (Fla.1984).
Generally, "one who hires an independent contractor is not liable for injuries sustained by that contractor's employees in their work." Van Ness v. Independent Construction Co., 392 So.2d 1017, 1019 (Fla. 5th DCA), rev. denied, 402 So.2d 614 (Fla.1981) (citing Lake Parker Mall, Inc. v. Carson, 327 So.2d 121 (Fla. 2d DCA 1976), cert. denied, 344 So.2d 323 (Fla.1977)). Our supreme court identified exceptions to this rule as follows:
[T]he owner may be held liable if he has been actively participating in the construction to the extent that he directly influences the manner in which the work is performed. Conversely, if the owner is a passive nonparticipant, exercising no direct control over the project, he cannot be held liable. To impose liability upon an owner who is not an employer as defined by the statute [workers' compensation law], one or more specific identifiable acts of negligence, i.e., acts either negligently creating or negligently approving the dangerous condition resulting in the injury or death to the employee, must be established.
Conklin v. Cohen, 287 So.2d 56, 60 (Fla.1973). Accordingly, there are only two theories under which Cecile Resort could be liable: (1) it controlled the project; or (2) was guilty of specific and identifiable acts of negligence in *448 creating or approving a dangerous condition causing Mr. Hokanson's injuries.
First, to impose liability on an owner for a contractor's injuries, the extent of control must be such that the owner controls the methods of work.
`It is not enough that he has merely a general right to order the work stopped or resumed, to inspect its progress or to receive reports, to make suggestions or recommendations which need not necessarily be followed, or to prescribe alterations and deviations. Such a general right is usually reserved to employers, but it does not mean that the contractor is controlled as to his methods of work, or as to operative detail. There must be such a retention of a right of supervision that the contractor is not entirely free to do the work his own way.'
Armenteros v. Baptist Hospital of Miami, Inc., 714 So.2d 518, 522 (Fla. 3d DCA 1998) (quoting RESTATEMENT (SECOND) OF TORTS § 414). In Armenteros, the Third District observed: "Reviewing the cases across the country considering this issue, the deciding question is who exercised control of the work, and thus was in the position to prevent the harm which occurred." 714 So.2d at 522.
As applied to the instant case, Mr. Hokanson did not present any evidence that Cecile Resort exercised control over his work. Even though Cecile Resort insisted that the work be completed the next day, that does not mean that they exercised any control over the project. See Clerkin v. Kendall Town & Country Associates, Ltd., 535 So.2d 288 (Fla. 3d DCA 1988) (holding that merely insisting that established time schedule be honored does not constitute participation in the project).
Second, our supreme court held in Hickory House, Inc. v. Brown, 77 So.2d 249, 253 (Fla.1955), that an owner owes a business visitor the duty
to use reasonable care in maintaining the premises in a reasonably safe condition and to ... give[ ] the plaintiff timely notice or warning of latent and concealed perils `known to the defendant, or which by the exercise of due care should have been known to him, and which were not known by plaintiff or which, by the exercise of due care, could not have been known to him.'
(quoting Hall v. Holland, 47 So.2d 889 (Fla. 1950)). In other words, "[t]here is a duty to warn employees of an independent contractor of potential danger when the owner has actual or constructive knowledge of a dangerous condition of his premises." Lake Parker Mall, Inc., 327 So.2d at 123.
However, this case is not predicated upon premises liability, as conceded by counsel at oral argument, but upon the assertion of active negligence by the agent of the defendant. Cecile Resort is not liable for Mr. Hokanson's injuries as a matter of law merely because he chose to use its cable to ascend the flagpole. See Bottom v. Rank, 70 So.2d 832, 833 (Fla.1954). Mr. Hokanson did not present any evidence indicating that Cecile Resort suggested that he use the cable. He admitted that he inspected "every bit" of the cable before he used it to ascend the flagpole and he didn't see any defects. Accordingly, if the defects were not apparent to Mr. Hokanson, then it is not reasonable to believe that they would have been apparent to Cecile Resort. In fact, Mr. Hokanson testified that Carl Stevens, the director of operations at Cecile Resort, told him that the last person who painted the flagpole used a rope and a bosun chair. Stevens did not object to his method and didn't respond when Mr. Hokanson showed him his materials. Accordingly, Cecile Resort is not guilty of any specific identifiable acts of negligence because they did not have actual or constructive knowledge of any alleged defect in the cable.
Therefore, Cecile Resort may not be held liable for Mr. Hokanson's injuries and the trial court erred in denying its motion for a directed verdict. Accordingly, we reverse the judgment and remand this case to the trial court with directions to enter a directed verdict in favor of Cecile Resort.
REVERSED
GRIFFIN, C.J. and THOMPSON, J., concur.