841 So.2d 531 (2003)
In re Commitment James WILLIAMS.
James Williams, Appellant,
v.
State of Florida, Appellee.
No. 2D00-5373.
District Court of Appeal of Florida, Second District.
February 28, 2003.
Elliott C. Metcalfe, Jr., Public Defender, and Christopher E. Cosden, Assistant Public Defender, Sarasota, for Appellant.
Charlie Crist, Attorney General, Tallahassee, and Jennifer R. Haymes, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
James Williams appeals the order of commitment entered under the Jimmy Ryce Act (the Act).[1] Of the six issues raised, we affirm three of these with discussion and affirm the other three without comment.
The first issue we address is Williams' claim that the Act violates the substantive due process requirements of the Florida and federal constitutions. The supreme court has rejected this argument in Westerheide v. State, 831 So.2d 93 (Fla.2002).
Williams also argues that the results of the risk assessment instruments used by the expert witnesses were improperly introduced into evidence as they did not properly meet the Frye[2] test for admissibility as scientific evidence. As this court determined in Green v. State, 826 So.2d 351 (Fla. 2d DCA 2002), such an error, if it occurred, is subject to a harmless error analysis. After reviewing the record of the testimony and evidence presented to the trial court, we are satisfied that even if the admission of these assessment results was error, it was harmless. See State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). Accordingly, we need not address the applicability of Frye or whether the instruments met the requirements of that test.
Finally, Williams suggests that the use of hearsay statements that certain expert witnesses took from police reports to support their opinions was error. In explaining how they reached their opinions, certain experts called by the State referred to facts cited in police reports regarding the *532 details of prior sexual offenses for which Williams previously had been convicted. Williams argues that Jenkins v. State, 803 So.2d 783 (Fla. 5th DCA 2002), prohibits such use of those statements because, as was the case in Jenkins, Williams was denied the opportunity to cross-examine the author of those statements.
However, the Jenkins decision is distinguishable from the facts in this case. In Jenkins, the reports included not only hearsay, but double hearsay. Furthermore, the reports from which the testimony in Jenkins came involved conduct for which no criminal charges were brought nor a conviction obtained. Finally, the Fifth District concluded that Jenkins' commitment was based almost solely on hearsay evidence. By contrast, the evidence relied upon by the experts and testified to in court here came from reports on offenses for which Williams was previously convicted so that the essence of those statements had been either admitted by Williams or subjected to the scrutiny of a trial. Furthermore, Williams' commitment was based on more than just this hearsay evidence. Accordingly, we find Jenkins distinguishable and affirm the trial court's finding as to this issue as well.
Affirmed.
SALCINES and DAVIS, JJ., and GREEN, OLIVER L., SENIOR JUDGE, Concur.
NOTES
[1] Section 394.917(2), Florida Statutes (2000).
[2] Frye v. United States, 293 F. 1013 (D.C.Cir. 1923).