909 So.2d 939 (2005)
Donald WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-2565.
District Court of Appeal of Florida, Fifth District.
August 5, 2005.
Rehearing Denied September 7, 2005.
James S. Purdy, Public Defender, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Douglas T. Squire, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
Williams appeals from his adjudication as a sexually violent predator following a jury trial, pursuant to the Sexually Violent Predators Act (formerly known as the Jimmy Ryce Act). He raises numerous procedural issues as to the expiration of the 30-day requirement to bring him to trial after a probable cause order is rendered.[1] There were two probable cause orders *940 rendered in this case. With regard to the first, Williams suffered no prejudice. He also waived this time period. As to the second order, the court granted a continuance for good cause so that discovery could be completed prior to the trial.
William's substantive argument that, based on the expert witness testimony at trial, he does not fit the definition of a sexually violent predator, presents a dilemma which we are unable to address. At trial, the two defense experts[2] testified Williams did not meet the criteria for civil commitment. The two expert witnesses for the state, Dr. Shaw and Dr. D'errico, testified Williams is a good candidate for community-based treatment, after the institutional treatment he received in prison over the course of his 21 year prison term, as well as his active engagement in sex offender treatment at the civil commitment center. Both concluded that without a structured, supervised, release program he would have difficulty controlling his behavior. However, the Legislature has not funded any adjunct program in which Williams could be placed for supervision.
The defense argued that due process requires consideration of measures less restrictive than total confinement. Where the state seeks to curtail the rights of an individual, it must do so by the least restrictive means. Padgett v. Dept. of Health & Rehab. Services, 577 So.2d 565, 571 (Fla.1991); State v. Leone, 118 So.2d 781, 784-85 (Fla.1960). However, the statute expressly mandates that the circuit courts must not consider measures less restrictive than total confinement,[3] and in Westerheide v. State, 831 So.2d 93 (Fla. 2002), the Florida Supreme Court ruled that the definition of a sexually violent predator renders consideration of less restrictive alternatives inapplicable.
Under the current status of state programs being funded by the state for sexual predators, there is no program available to which Williams can be released from civil confinement. Thus, since he was found likely to reoffend if placed in a private half-way house as opposed to a supervised release program, he continues to meet the definition of a sexually violent predator. We have been given no citation to, nor have we found, any legal authority to support a claim that the state is required to provide such a program.
AFFIRMED.
THOMPSON and MONACO, JJ., concur.
NOTES
[1] § 394.916(1), Fla. Stat. (2000).
[2] Dr. Benoit and Dr. Pritchard.
[3] § 394.911, Fla. Stat. (2000).