920 So.2d 744 (2006)
Kevin SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-1501.
District Court of Appeal of Florida, Fifth District.
February 10, 2006.
*745 James S. Purdy, Public Defender, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Douglas T. Squire, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, C.J.
Smith appeals his continued civil commitment under the Sexual Predator Act, sections 394.910-.931, Florida Statutes (2003) ("the Act"). He first argues that the Act is unconstitutional as applied in this case because the State's witnesses acknowledged that Smith would be eligible for release to a halfway house, but the legislature has not funded such a facility. As a result, Smith claims he is being denied due process of law.
We disagree. First, he failed to preserve the argument for appeal. We decline to address the constitutionality of a statute where that issue was not raised below. See, e.g., Lawrence v. State, 831 So.2d 121, 136 (Fla.2002), which held that a defendant's issue regarding the constitutionality of death penalty aggravators was not preserved because the defendant failed to object with specificity in the trial court below. Second, Smith's argument is not supported by the facts. One of the State's experts, Dr. Chris Robison, never recommended that Smith be released to a halfway house if one were available. The other State expert, Dr. Ted Shaw, testified that Smith had reached the highest level of treatment to date, but that the State was in the process of adding two higher levels of treatment that Smith had not yet completed. Third, this Court recently rejected a similar due process argument in Williams v. State, 909 So.2d 939, 940 (Fla. 5th DCA 2005).
Smith next argues that the lower court erred in denying his requested jury instruction, which would require the jury to find that Smith was "highly likely," instead of "likely," to reoffend. This argument was rejected by our supreme court in Westerheide v. State, 831 So.2d 93 (Fla. 2002).
Accordingly, we affirm the commitment order.
AFFIRMED.
MONACO and TORPY, JJ., concur.