925 So.2d 419 (2006)
Rico Emmanuel SLOSS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-488.
District Court of Appeal of Florida, Fifth District.
March 31, 2006.
*420 James S. Purdy, Public Defender, and Lyle Hitchens, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Douglas T. Squire, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, J.
Rico Emmanuel Sloss appeals the finding that he is a sexually violent predator under the "Jimmy Ryce Act" ("Ryce Act"),[1] arguing the court erred by refusing to grant his motion for directed verdict and denying his requested jury instructions. We affirm.
In April 2003, the State petitioned to have Sloss committed as a violent sexual predator under the Ryce Act. Sloss had been convicted of sexually violent offenses, and the multidisciplinary team of psychologists evaluating Sloss unanimously recommended involuntary commitment. In January 2005, a unanimous jury found Sloss to be a sexually violent predator.
Sloss used force and threatened to kill the victim in each of the underlying sexual offenses. In the first case, Sloss was arrested for sexual battery in June 1996 and pled no contest to attempted sexual battery. In the second case, while he awaited disposition for the first, Sloss was arrested for sexual battery upon a 15-year-old victim in February 1997, and pled no contest to lewd and lascivious assault upon a child. He was adjudicated guilty of both counts to which he pled, and sentenced to 79.5 months' imprisonment, followed by 8.38 years of sex offender probation.
Sloss was interviewed and evaluated by two psychologists: Dr. Chris Robison in July 2002, and Dr. Clinton Rhyne in August 2002. The other psychologists on the team evaluating Sloss concluded that he met the requirements for involuntary commitment. In the psychological interviews, he denied the assaults. However, he later *421 admitted in deposition that the assaults occurred largely in the manner the victims described. Sloss did not receive sex offender treatment in prison and said he did not need it.
Drs. Robison and Rhyne concluded that Sloss exhibited two mental abnormalities: antisocial personality disorder and paraphilia NOS  non-consenting females. Their testimony was substantially similar.
Sloss admitted poor behavior control and demonstrated impulsivity. He expressed no remorse for his assaults. His history, behavior, and crimes supported diagnoses of antisocial personality disorder and paraphilia NOS (non-consenting female). Both doctors concluded that Sloss's disorders, in addition to his commission of one forcible sexual offense against a stranger while awaiting disposition of his previous forcible sexual offense committed in a public place, indicated that Sloss was at "particularly high risk of reoffense of a sexually violent act" within a reasonable degree of psychological certainty.
Sloss moved for directed verdict, arguing that the State's evidence consisted entirely of hearsay presented through two expert witnesses. Sloss contended that this violated section 394.9155(5), and that no jury question was presented. The State responded that the doctors' testimony was direct evidence, and that the section requires live testimony by an expert and prohibits reliance entirely on written reports. The court agreed with the State and denied Sloss's motion for directed verdict. Sloss presented no testimony.
Sloss had two requests regarding jury instructions that are pertinent on appeal. The first involved his request that the judge add an additional paragraph to the standard instruction to address in greater detail less restrictive alternatives to confinement. The trial court stated the instructions appropriately address the issue of less restrictive alternatives, and that belaboring the issue could be construed as commenting on the evidence. The instruction given largely tracked the standard jury instruction:
To prove the defendant, RICO EMMANUEL SLOSS, is a sexually violent predator, the State must prove each of the following elements by clear and convincing evidence:
a. He has been convicted of a sexually violent offense; and
b. He suffers from a mental abnormality or personality disorder; and
c. The mental abnormality or personality disorder is such that it makes it seriously difficult for him to control his behavior and he is likely to engage in acts of sexual violence if he is not confined in a secure facility for long-term control, care, and treatment, as opposed to an available less restrictive alternative.
The court finds, and instructs you as a matter of law, that RICO EMMANUEL SLOSS has been convicted of a sexually violent offense.
"Mental abnormality" means a mental condition affecting a person's emotional or volitional capacity which predisposes the person to commit sexually violent offenses.
"Likely to engage in acts of sexual violence" means a person's propensity to commit acts of sexual violence is of such a degree that it poses a menace to the health and safety of others.
The court refused Sloss's requested instruction, which would have added:
Florida law requires that, if a person is found to be a sexually violent predator, then no less restrictive alternative may be permitted, other than involuntary commitment to a secure facility. An example of a less restrictive alternative *422 is out-patient treatment under probation supervision. Therefore, you must determine whether or not a less restrictive alternative exists that would adequately protect society and provide the necessary control, care and treatment of Rico Emmanuel Sloss. If you find that a less restrictive alternative is adequate, then you may not find Rico Emmanuel Sloss to be a sexually violent predator. However, if you find that Rico Emmanuel Sloss meets all of the other elements above, and no less restrictive alternative is adequate, then you must find him to be a sexually violent predator.
The second jury instruction issue on appeal concerns standard instruction 2.08, Verdict and Submitting Case to Jury. Sloss argued that the standard jury instruction predisposes the jury and forces them to find him to be a sexually violent predator. The court noted that the instruction was standard and necessary to understand the verdict form. The instruction given read:
Before the defendant may be confined to a secure facility as a sexually violent predator, your verdict must be unanimous; that is, all of you must agree to the same verdict. The verdict must be the verdict of each juror, as well as the jury as a whole.
If the verdict is not unanimous, but a majority of the jury determines that the defendant is a sexually violent predator, the case may be retried before another jury.
If three or more jurors determine that the defendant has not been proven to be [a] sexually violent predator, he will not be confined to a secure facility as a sexually violent predator and the case will not be retried before another jury.
In closing argument, Sloss's counsel spoke extensively about the need for the jury to consider outpatient programs, and that it must find no alternatives to secure facilities to find Sloss a sexually violent predator. The jury was polled after it unanimously found Sloss to be a sexually violent predator.
The Jimmy Ryce Act provides for the involuntary civil commitment of persons found to be sexually violent predators. §§ 394.910-394.931, Fla. Stat. (2003). A factfinder "must determine by clear and convincing evidence that the respondent (1) has been convicted of an enumerated sexually violent offense; and (2) suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment." State v. White, 891 So.2d 502, 502-03 (Fla.2004); § 394.912(10), Fla. Stat. (2003).
The trial court may grant a motion for directed verdict only when there is no reasonable evidence upon which a jury could rule in favor of the nonmoving party. Goolsby v. Qazi, 847 So.2d 1001, 1002 (Fla. 5th DCA 2003) (citing Cecile Resort, Ltd. v. Hokanson, 729 So.2d 446, 447 (Fla. 5th DCA 1999)). The trial court was required to evaluate the testimony in the light most favorable to the State and indulge every reasonable inference in the State's favor. Id. (citing Cecile Resort, 729 So.2d at 447). We apply that standard on appeal. Id.
Sloss argues that the court erred by denying his motion for directed verdict because there was no clear and convincing evidence supporting Sloss's involuntary commitment. Sloss argues that "the State's ... unfounded `expert' opinions" were entirely inadmissible hearsay, given to punish Sloss for his prior offenses, and that there was no evidence to submit to the jury concerning mental abnormality or a serious, currently existing difficulty in controlling sexual behavior.
*423 We hold that the court correctly denied Sloss's motion for directed verdict. The record demonstrates sufficient evidence to present a jury question and the jury's verdict. See Hale v. State, 891 So.2d 517, 519 (Fla.2004); Roeling v. State, 880 So.2d 1234, 1236 (Fla. 1st DCA 2004). At Sloss's civil commitment proceeding, the State presented two expert witnesses who testified about Sloss's psychological condition. See Hale, 891 So.2d at 519. Both diagnosed Sloss with antisocial personality disorder and paraphilia NOS (non-consenting). See id. Both testified that Sloss was at high risk of reoffending. See id. This evidence was unrebutted. See Williams v. State, 882 So.2d 1082, 1084 (Fla. 4th DCA 2004). Even had Sloss presented contrary testimony, the resulting dispute would have "created a jury question on the issue of whether [Sloss] was a sexually violent predator and, accordingly, the trial court" still would have properly denied Sloss's motion for directed verdict. See Galloway v. State, 900 So.2d 652, 652-53 (Fla. 5th DCA 2005). Therefore, the experts' testimony, based in part on personal interviews with Sloss and reports of sexual offenses for which Sloss was adjudicated guilty and that Sloss acknowledged in a deposition, presented a jury question. See Donaldson v. State, 888 So.2d 107, 109-10 (Fla. 3d DCA 2004); see also Westerheide v. State, 831 So.2d 93, 97 (Fla.2002) (plurality opinion).
With respect to hearsay, section 394.9155(5) provides:
Hearsay evidence, including reports of a member of the multidisciplinary team or reports produced on behalf of the multidisciplinary team, is admissible in proceedings under this part unless the court finds that such evidence is not reliable. In a trial, however, hearsay evidence may not be used as the sole basis for committing a person under this part.
The trial court concluded correctly that this section does not exclude all testimony based on out-of-court statements, but that it requires some direct testimony regarding Sloss's mental abnormality or personality disorder. The record indicates that the experts' opinions were not used as conduits for otherwise inadmissible evidence and hearsay was not the sole basis for Sloss's commitment. See Lee v. State, 854 So.2d 709, 713 (Fla. 2d DCA 2003). Notably, Sloss did not dispute the accuracy or reliability of much of the hearsay evidence presented. See Lee, 854 So.2d at 713. The trial court did not find that the information utilized by Drs. Rhyne and Robison was unreliable, and little in the record would support such a conclusion. See Lee, 854 So.2d at 714. We conclude that the trial court properly admitted the evidence under section 394.9155(5), which "was of the type appropriately used by experts in formulating their opinions in commitment cases. Also, there was ample nonhearsay evidence presented to support the commitment." Lee, 854 So.2d at 714; cf. Branch v. State, 890 So.2d 322, 327-28 (Fla. 2d DCA 2004) (ruling, where defendant was not competent and could not challenge factual assertions underlying an expert's opinions, that "the only basis for the expert's determination that Branch was a sexually violent predator was hearsay accounts that had been neither tested nor admitted in any judicial proceeding").
Sloss also argues on appeal that the trial court erred with respect to the jury instructions by denying his requests to depart from the standard jury instructions on two issues. The first concerned his request for elaboration on the less restrictive alternative treatment, and the second concerned the verdict instructions. We hold that the court did not abuse its discretion.
*424 Trial courts have broad discretion to formulate jury instructions. Westerheide v. State, 767 So.2d 637, 656 (Fla. 5th DCA 2000) (citing Reyka v. Halifax Hosp. Dist., 657 So.2d 967 (Fla. 5th DCA 1995)). The court's failure to give a particular instruction cannot be reversed unless the error caused a miscarriage of justice or was reasonably calculated to confuse or mislead the jury. Id. (citing Barton Protective Servs., Inc. v. Faber, 745 So.2d 968, 974 (Fla. 4th DCA 1999)). If the jury instructions fairly state the applicable law, the court's failure to give a particular instruction is not error. Id. (citing CSX Transp., Inc. v. Whittler, 584 So.2d 579 (Fla. 4th DCA 1991)). "The standard jury instructions are presumed correct and are preferred over special instructions." Stephens v. State, 787 So.2d 747, 755 (Fla. 2001).
The Florida Supreme Court upheld the standard jury instruction for civil commitment under the Ryce Act, observed that it tracks the statutory language, and ruled that it accurately reflects the requirements of the Ryce Act. White, 891 So.2d at 506-07, 510; Hale, 891 So.2d at 520. Accordingly, the only other court to expressly address instructing the jury on less restrictive alternatives rejected the claim of error. Donaldson, 888 So.2d at 110.
"The statutory definition of a sexually violent predator renders less restrictive alternatives inapplicable." Westerheide, 831 So.2d at 103 (plurality opinion). The statute and instruction clearly provided that the jury must find Sloss was "likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment." § 394.912(10)(b), Fla. Stat. (2001). This excludes "measures less restrictive than total confinement." Williams v. State, 909 So.2d 939, 940 (Fla. 5th DCA 2005).
The standard jury instruction correctly instructed the jury and was neither confusing nor misleading; thus, Sloss cannot overcome the presumption of its correctness. See Westerheide, 767 So.2d at 656.
Sloss's argument that the second instruction was a "dynamite charge" is baseless. Sloss cites inapposite cases to argue that the judge's use of the standard jury instruction was error; ironically, the only case remotely on point involved a reversal of the trial court for deviating from the standard jury charge. See Goodwin v. State, 717 So.2d 561, 562 (Fla. 2d DCA 1998). The jury was polled and unanimously found Sloss to be a sexually violent predator. It did so under the standard jury instructions approved by the supreme court. There was no abuse of discretion.
AFFIRMED.
PALMER and MONACO, JJ., concur.
NOTES
[1] §§ 394.910-394.931, Fla. Stat. (2003).