PER CURIAM.
 

 George DeBolt was found to be a sexually violent predator and was civilly committed pursuant to the Jimmy Ryce Act (“the Act”) following a jury trial. DeBolt argues that the trial court abused its discretion in allowing the State to question one of his experts regarding a past disciplinary matter. We agree and reverse.
 

 In February 2002, the State filed a notice of its intention to seek the involuntary
 
 *337
 
 civil commitment of DeBolt as a sexually violent predator pursuant to the Act. At the civil commitment trial, the State presented two expert witnesses who evaluated DeBolt and determined that he qualified as a sexually violent predator. DeBolt presented two expert witnesses who testified to the contrary. During cross-examination of one of DeBolt’s expert witnesses, the State was permitted to ask the following question regarding Dr. Brown’s credibility over defense objection:
 

 Q: Dr. Brown, in the state of Washington, in 1999, you were formally disciplined and received a four-year restriction on your license as a sex offender treatment provider for adolescent sex offenders. Is that not true?
 

 Dr. Brown responded in the affirmative. On redirect, Dr. Brown explained the circumstances surrounding the disciplinary proceeding, which had nothing to do with his work in Florida in Jimmy Ryce cases. After deliberations, the jury unanimously found DeBolt a sexually violent predator and the trial court thereafter entered a judgment and commitment order.
 

 DeBolt filed a motion for a new trial alleging that the trial court erred in permitting the State to attack the credibility of DeBolt’s witness regarding a past disciplinary matter. After a hearing on the motion, the trial court denied DeBolt’s motion for a new trial and subsequently rendered a written order denying same. In the instant appeal, DeBolt makes the same argument he made in his motion for new trial.
 

 Section 90.609, Florida Statutes (2006), provides that the character of a witness may be attacked only by reputation evidence that refers to character relating to truthfulness. Under section 90.610, a witness’s credibility can only be impeached by convictions of crimes involving false statements or dishonesty. Thus, evidence regarding particular acts of misconduct may not be introduced for purposes of impeaching a witness’s credibility.
 
 See Farinas v. State,
 
 569 So.2d 425, 429 (Fla.1990);
 
 Tormey v. Trout,
 
 748 So.2d 303, 306 (Fla. 4th DCA 1999). Counsel may therefore not make inquiries on cross-examination about unethical conduct on the part of expert witnesses,
 
 Farinas,
 
 569 So.2d at 429, or disciplinary actions in their profession,
 
 Tormey,
 
 748 So.2d at 306.
 

 The State’s question in this case about whether Dr. Brown had been formally disciplined during his treatment of adolescent sex offenders goes far beyond convictions of crimes involving false statements or dishonesty and into the realm of the improper questioning referenced above. Accordingly, the trial court abused its discretion in allowing the question over DeBolt’s objection.
 

 We next address the State’s argument that any error in allowing the question was harmless. Because the Act is civil in nature and not criminal,
 
 see State v. Harris,
 
 881 So.2d 1079, 1083 (Fla.2004), we apply the civil standard for harmless error,
 
 see Marshall v. State,
 
 915 So.2d 264, 268 (Fla. 4th DCA 2005). DeBolt must establish that “it is reasonably probable that a result more favorable to the appellant would have been reached if the error had not been committed.”
 
 Damico v. Lundberg,
 
 379 So.2d 964, 965 (Fla. 2d DCA 1979);
 
 see also Esaw v. Esaw,
 
 965 So.2d 1261, 1264 (Fla. 2d DCA 2007);
 
 Fla. Inst. for Neurologic Rehab., Inc. v. Marshall,
 
 943 So.2d 976, 979 (Fla. 2d DCA 2006). It is clear in civil cases where expert testimony is the focal point of the trial that the erroneous admission of expert credibility evidence constitutes harmful error.
 
 See Linn v. Fossum,
 
 946 So.2d 1032, 1041 (Fla.2006);
 
 Donshik v. Sher
 
 
 *338
 

 man,
 
 861 So.2d 53, 56 (Fla. 3d DCA 2003);
 
 Myron ex rel. Brock v. Doctors Gen. Hosp., Ltd.,
 
 704 So.2d 1083, 1092 (Fla. 4th DCA 1997).
 

 The instant case boiled down to a credibility contest between the State’s two experts, who testified that DeBolt qualified as a sexually violent predator, and De-Bolt’s two experts, who testified to the contrary. The evidence that was erroneously admitted discredited one of DeBolt’s experts on the basis that he was formally disciplined and received a four-year restriction on his license as a sex offender treatment provider for adolescent sex offenders. Because expert testimony was the focal point of the trial, the improper attack on Dr. Brown’s credibility was not harmless.
 

 We recognize that this court has previously applied the criminal harmless error standard in Jimmy Ryce appeals.
 
 See Lee v. State,
 
 854 So.2d 709, 712-13 (Fla. 2d DCA 2003);
 
 Williams v. State (In re Williams),
 
 841 So.2d 531, 531 (Fla. 2d DCA 2003). To the extent that they conflict with our holding today, we recede from those decisions.
 

 Reversed and remanded.
 

 NORTHCUTT, C.J., and ALTENBERND, FULMER, WHATLEY, CASANUEVA, DAVIS, SILBERMAN, KELLY, VILLANTI, WALLACE, LaROSE, and KHOUZAM, JJ.,
 
 [1]
 
 Concur.